IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KAREN F. NEWTON REVOCABLE TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CANADIAN REAL ESTATE HOLDINGS, LP,<br><br>Defendant. | §§§§§§§§§§§§ Civil Action No.: 4:19-cv-00429-KPJ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand (the "Motion") (Dkt. 10). Defendant filed a response (Dkt. 15), Plaintiffs filed a reply (Dkt. 19), and Defendant filed a surreply (Dkt. 20). For the reasons set forth below, the Motion (Dkt. 10) is **GRANTED IN PART and DENIED IN PART**.[1]

### I. BACKGROUND

On May 13, 2019, Plaintiffs Karen F. Newton Revocable Trust and the Individual Plaintiffs[2] filed suit in the 296th Judicial District Court of Collin County, Texas, asserting state law claims for temporary and permanent injunctive relief related to the enforcement of restrictive covenants contained in deed restrictions filed in real property records of Collin County. *See*

---

[1] The Court notes that Plaintiffs' claims will likely be moot upon remand because the property at issue is being sold. *See* Dkt. 20 at 2. The Court, however, solely addresses the issue of jurisdiction herein, and therefore, will not address Defendant's Anti-SLAPP Motion to Dismiss (Dkt. 9).

[2] Sathu Subbiah, Janet Anders, Tim Anders, Raul Perez, Jr., Jerry Brown, Trey Monson, Coleen Monson, Jill Ruse-Peterson, Terry A. Peterson, Bill Trotter, Kris Trotter, Robert Carter, Joan Pyne, Charlie Pyne, Robert Soltysik, Linda Soltysik, Gary Pierce, Melinda Pierce, David Cox, Jennifer Cox, Mike Shepherd, Stephanie Shepherd, Harvey Graham, Sandra Graham, Beau Davis, Tisha Davis, Maria Mercer, Jon Mercer, Mike Bell, James Evans, Marilee Evans, William Jones, Paula Jones, Jerry Long, Sherri Long, Joan Rose, Ted Rose, Joe W. Chesney, Karen Chesney, Joe K. Chesney, Debbie Chesney, Gregg Jernigan, Gretchen Jernigan, Kent Vanmeter, Carol Vanmeter, James Schwartz, and Sarah Schwartz.

Dkt. 3. On June 10, 2019, Plaintiffs filed a First Amended Original Petition, but did not assert a federal cause of action as a part of the amendment. *See* Dkt. 4. On June 10, 2019, Defendant Canadian Real Estate Holdings, LP, filed a Notice of Removal (Dkt. 1) alleging the Court has original jurisdiction over the case based on federal interest jurisdiction. Though not specifically stated as a basis for removal in the Notice of Removal, Defendant cited a number of cases related to the importance of the Fair Housing Act. *See* Dkt. 1 at 3–4. Plaintiffs moved to remand and Defendant responded, contending the case should remain in federal court because it involves an important federal interest related to the Fair Housing Act. *See* Dkt. 15 at 4.

## II. <u>LEGAL STANDARD</u>

Federal district courts are courts of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The federal removal statute provides that "[e]xcept as otherwise expressly provided . . . any civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed by the defendant or defendants, to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Subject matter jurisdiction in federal court is generally conferred through either: (1) federal question jurisdiction under 28 U.S.C. §1331; or (2) diversity of citizenship jurisdiction under 28 U.S.C. §1332. In cases where an action originally filed in state court is removed to federal court, it is well settled that the removing party has the burden of proof to establish a federal court's jurisdiction. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812,

815 (5th Cir. 1993); *MD Matrix Health, L.L.C. v. Kasle*, 2012 WL 6161941, at *2 (E.D. Tex. Nov. 5, 2012), report and recommendation adopted, 2012 WL 6161840 (E.D. Tex. Dec. 10, 2012). When reviewing removal, a court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *See Williams*, 482 U.S. at 392 (1987).

### III. ANALYSIS

Defendant has not asserted diversity of citizenship as a basis for removal. *See* Dkt. 15 at 8. Rather, Defendant's sole basis for the Court's jurisdiction is federal interest jurisdiction. *See id*. Plaintiffs argue the case does not involve a federal question. *See* Dkt. 10 at 1. Plaintiffs filed this case in Texas State Court, asserting state law claims for temporary and permanent injunctive relief and declaratory judgment pursuant to the Uniform Declaratory Judgment Act. *See* Dkt. 3. Plaintiffs do not assert any cause of action under federal law. *See id*. Nevertheless, Defendant contends the Court has jurisdiction because Plaintiffs' claims raise "a substantial and serious federal interest (*i.e.* [h]ousing for the handicapped)." Dkt. 15 at 2. Defendant relies on *Clauer v. Heritage Lakes Homeowners Ass'n, Inc.*, for the proposition that the Court has jurisdiction simply because there is an "important federal interest at the core of this [c]ase." *Id.*; No. 4:09-CV-560, 2010 WL 446545, at *4 (E.D. Tex. Feb. 3, 2010). *Clauer* fell into a "special and small category" of cases where state law claims turn on substantial questions of federal law. *See Clauer*, 2010 WL 446545, at *2 (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). In *Clauer*, the plaintiffs sought a declaration regarding entitlement to protections of the Servicemembers Civil Relief Act ("SCRA")—a federal law—and other issues specifically related to the SCRA. *See id*. Moreover, in *Clauer*, the plaintiffs did not contest that resolving a federal issue was necessary to resolution

3

of their state-law claim, and the federal issue was actually disputed. *See id*. at *3. The plaintiffs in *Clauer* contested that the case involved a substantial question of federal law solely because the SCRA did not provide a private remedy. *See id*. The court found that the plaintiffs' claim raised a significant federal interest:

> Plaintiffs' entire case is based on a federal law, the SCRA. Plaintiffs' rights asserted in this action were created by federal law and require the Court to interpret a federal law. The Court will have to determine whether Mrs. Clauer is entitled to the protection under the SCRA. This is an important question of law. Moreover, the question whether Mrs. Clauer is entitled to protection under the SCRA is the preliminary element of Plaintiffs' claims. Federal law is not "tangentially relevant" to Plaintiffs' state claims but rather their claims would not exist without the SCRA. Thus, Plaintiffs' claims turn on answers to federal statutory questions.

*Id*.

The present case is readily distinguishable. Plaintiffs do not assert a claim seeking a declaration or protection under federal law. Plaintiffs do not seek interpretation of a federal law. To the contrary, Plaintiffs' claims asserted in accordance with a Texas statute would exist without federal law. Even if a plaintiff may have asserted a claim under federal law, a plaintiff may forego relief based on federal law and choose to rely exclusively on state law. *See Williams*, 482 U.S. at 392 (1987) (stating that a plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law"); *see also Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 292 (E.D. Tex. 1988) ("[T]he plaintiff is the master of his complaint and may rely exclusively on state law and prevent removal to federal court unless some other doctrine provides a basis for removal. . . . This court will not hold that plaintiff has stated a claim for copyright infringement simply because it is available from the facts set out in the complaint.").

Defendant contends that for Plaintiffs to prevail on their requested relief, they must prevail on Defendant's affirmative defense under the federal Fair Housing Act. *See* Dkt. 15 at 4 fn. 3. A federal defense, however, is not sufficient to establish federal question jurisdiction. *See Hart v.*

*Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000). "For better or worse . . . a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case arises under federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983) (emphasis in original); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

Though neither party, in their briefing, step through each element of establishing federal question jurisdiction (which is notable, as the removing party has the burden of proof to establish a federal court's jurisdiction), the Court briefly addresses the factors considered by the Court. "[F]ederal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). Here, Defendant does not argue that federal law preempts state law, but rather cites the Fair Housing Act as providing an affirmative defense. *See* Dkt. 15 at 4. Defendant has not demonstrated that resolving a federal issue is necessary to resolution of Plaintiffs' state-law claims, that such a federal issue is actually disputed, or that such issue is substantial. Rather, Defendant argues the Fair Housing Act is substantial in that it is "one of the most important federal policies in existence." Dkt. 15 at 5. The significance of the Fair Housing Act is indisputable. Case law demonstrates, however, that mere invocation of the Fair Housing Act as a defense will not create federal court jurisdiction. *See Villanueva Apartments v. Vasquez*, No. CV H-17-1822, 2017 WL 4676645, at *2 (S.D. Tex. July 24, 2017), report and recommendation adopted, No. CV H-17-1822, 2017 WL 4620959 (S.D. Tex. Oct. 16, 2017) (no federal court jurisdiction where, in the notice of removal, defendant asserted plaintiff violated the Fair Housing Act). Texas state courts regularly consider matters involving

the Fair Housing Act. *See Tarr v. Lantana Sw. Homeowners' Ass'n*, No. 03-14-00714-CV, 2016 WL 7335861, at *1 (Tex. App.—Austin Dec. 16, 2016); *Walls v. Capella Park Homeowners' Ass'n*, No. 05-16-00783-CV, 2017 WL 5898407, at *1 (Tex. App.—Dallas Nov. 30, 2017); *Deep E. Tex. Reg'l Mental Health Mental Retardation Servs. v. Kinnear*, 877 S.W.2d 550, 558 (Tex. App.—Beaumont 1994). As Defendant has failed to meet its burden to demonstrate removal is appropriate, the case shall be remanded.

Plaintiffs request that the Court exercise its discretion and award Plaintiffs their attorney's fees and costs associated with the removal and remand. *See* Dkt. 10 at 9–10. Though Plaintiffs argue the timing of Defendant's removal appears to have been strategic in effort to avoid a pending injunction hearing, the Court recognizes Defendant exercised its opportunity to remove before the expiration of the applicable deadline, and Defendant attempted to support its position with reasonable argument and case law. The Court does not believe an award of attorney's fees and costs is appropriate under these circumstances, and therefore, Plaintiffs' request for attorney's fees and costs is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Dkt. 10) is **GRANTED IN PART and DENIED IN PART**. This case is hereby **REMANDED** to the 296th Judicial District Court of Collin County, Texas, as Cause No. 296-02588-2019. Plaintiffs' request for attorney's fees and costs is **DENIED**. This matter is closed on the Court's docket.

**So ORDERED and SIGNED this 11th day of December, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE